[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, George Young, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of possession of heroin, a felony of the fifth degree. He was convicted of the offense following a jury trial and sentenced to twelve months' incarceration.
In his first assignment of error, Young argues that the conviction was against the manifest weight of the evidence. To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[1]
In the case at bar, the arresting officer stated that he saw Young and a companion walking near an apartment building where there was a large amount of drug activity. When Young saw the officer, he reached into his pocket and then discarded a small piece of paper. After the officer took Young to the ground and handcuffed him, he recovered the piece of paper from where Young had been lying. The paper was found to contain a small quantity of heroin. The officer testified that no other pieces of paper were in the vicinity. Although Young testified that he was not in possession of the paper containing the contraband, we cannot say that the jury lost its way in finding him guilty of the offense. The first assignment of error is overruled.
In his second and final assignment of error, Young argues that the trial court erred in imposing the maximum sentence for the offense. Young concedes that the sentence was within the range allowed by law for a fifth-degree felony and that the trial court made the requisite findings for the imposition of the sentence pursuant to the holding of the Ohio Supreme Court in State v.Edmonson.[2] The sole issue posed in the assignment of error, therefore, is whether the record supports the trial court's findings.[3]
Before imposing the maximum term of incarceration for an offense, the court must find that the offender has committed the worst form of the offense, poses the greatest likelihood of recidivism, or is of a certain class of repeat offenders.[4]
Here, the trial court found that the first two factors were applicable.
We hold that the trial court's finding with respect to the likelihood of recidivism was supported by the record. Young had an extensive criminal record including numerous felony convictions and numerous prior prison terms. In addition, Young admitted that he had a substance-abuse problem and that, on the night of the incident in question, he was attempting to purchase drugs. Under these circumstances, the trial court did not err in finding that Young posed the greatest likelihood of recidivism. Therefore, we need not address Young's argument concerning the worst form of the offense. The record supported the imposition of the maximum term of incarceration, and the second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546.
[2] (1999), 86 Ohio St.3d 324, 715 N.E.2d 131. Young also concedes that the court made the findings required by R.C.2929.13(B) for imposing a prison term for a fifth-degree felony.
[3] See State v. Richmond (Mar. 13, 1998), Hamilton App. No. C-970518, unreported.
[4] R.C. 2929.14(C).